## H. W. & R. DRILLING CO. et al. v. STATON et al.

No. 23237. Opinion Filed May 10, 1932.

J. Fred Swanson, Roy McNaughton, and A. G. Croninger, for petitioners.

Commons & Chandler, for respondents.

HEFNER, J. This is an original proceeding in this court by H. W. & R. Drilling Company and the United States Fidelity & Guaranty Company to review an order of the State Industrial Commission awarding compensation to George C. Staton. The Commission found that claimant received an injury on February 12, 1931, while in the employ of the drilling company, and by reason of such injury was temporarily totally disabled from June 6, 1931, to November 30, 1931, and awarded him compensation at the rate of $15.39 per week for that time. It further awarded compensation at the same rate to be continued from and after November 30, 1931, until the further order of the Commission.

Petitioners contend that the evidence is insufficient to sustain the award. In our opinion this contention must be sustained. The evidence offered on behalf of claimant is, in substance, that he was working as a tool dresser for petitioner drilling company on February 12, 1931, and on that date, while engaged in lifting a drill bit with chains, the chains broke causing him to fall backwards and hit his head against a step. The step was made of wood and was two and a half feet from the ground. The fall hurt his head and rendered him partially unconscious. He was assisted to his feet by a fellow employee.

Claimant testified that he remained at work that day and the next, but, because of his injury, laid off for a week or more thereafter. However, he continued in the employ of the company, thereafter performing his regular duties until the regular shutdown May 28th or 29th, at which time the company ceased operations. The injury did not impair his ability to perform the same duties in the same manner he had theretofore performed them. He, in substance, testified that he continued to perform the same duties in the same way that he had prior to the time he bumped his head. Then, after the regular shut-down, along about the last of June, he started going to doctors. He testified that during all the time he was at work he was troubled with headaches, and that while on a fishing trip, about the middle of June, a dog was about to get his bait and he jumped at the dog and stomped his feet and the jar he received gave him the same sensation he experienced when he fell and hit his head, and that after this incident his condition gradually grew worse. Prior to the incident, he did not think it necessary to take treatments. He made no claim for compensation until July 29, 1931.

The evidence shows that, since the incident above related, claimant has become very nervous and has suffered with severe headaches. There is, however, no evidence which reasonably establishes that this condition is due to the injury received in February. Doctors Smith and DeArman testified that claimant's present condition, in their opinion, was not caused by the injury received in February. They did testify, however, in answer to hypothetical questions, that it could be possible that his condition was caused thereby. Claimant offered no expert evidence to show that his nervous condition and headaches were due to the injury received in February.

The evidence is insufficient to sustain the award, and the order of the State Industrial Commission is therefore vacated and

the cause remanded, with directions to dismiss.

CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and RILEY, J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116.